940 F.2d 653
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy Patrick O'CONNELL, Defendant-Appellant.
 No. 90-5379.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 6, 1991.
Decided Aug. 12, 1991.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-90-06-C)
 Kenneth P. Andresen, Charlotte, N.C., for appellant.
 Thomas J. Ashcraft, United States Attorney, Kenneth D. Bell, Assistant United States Attorney, Charlotte, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Timothy Patrick O'Connell pled guilty to conspiracy to distribute over 500 grams of cocaine (21 U.S.C. Sec. 846) and appeals the sentence he received on the ground that the district court erred in increasing his offense level instead of his criminal history category. We affirm.
 
 
 2
 O'Connell was arrested with two codefendants immediately following a sale of drugs to an undercover agent. One of the codefendants was carrying a loaded gun. Another loaded gun was found under the seat of the truck in which O'Connell was sitting. The arresting officers saw O'Connell reach down under the seat as the arrest began. O'Connell's two codefendants named him as the source of the cocaine they sold and led authorities to a storage locker used by O'Connell where cocaine was stored. O'Connell gave conflicting statements to authorities about the involvement of others suspected of being participants in the conspiracy. Although he had no known prior convictions, he had pending drug charges in New York, which the probation officer suggested might be a basis for a departure. The probation officer's report suggested a guideline range of 63-78 months.
 
 
 3
 At sentencing, the probation officer stated that he had mistakenly failed to give O'Connell a two-level increase in offense level for possession of a gun during a drug offense. After hearing argument about O'Connell's role in the offense, his failure to be straightforward with authorities, and his pending charges, the district court adjusted the base offense level upward by two to 28, which yielded a sentencing range of 78-97 months. The district court sentenced O'Connell in the middle of the range to 88 months' incarceration.
 
 
 4
 O'Connell now appeals, alleging that the district court increased his base offense level to account for pending drug charges. O'Connell is correct that it is inappropriate to increase his base offense level for pending charges. The appropriate response is an increase in his criminal history. United States Sentencing Guidelines Sec. 4A1.3(d).
 
 
 5
 In this case, however, the district court identified several reasons for making an upward adjustment of two points in O'Connell's base offense level. While the district court said it was departing, in fact, a two-level adjustment was warranted for his role in the offense, U.S.S.G. Sec. 3B1.1, and for obstruction of justice, U.S.S.G. Sec. 3C1.1. A two-level adjustment was also warranted for possession of the gun, as the probation officer stated. See U.S.S.G. Sec. 2D1.1(b)(1) and United States v. White, 875 F.2d 427 (4th Cir.1989). The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.